**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ASHISH R.,

Petitioner,

v.

DAVE ISAIS, *Jail Commander, Sherburne County Jail*; DAVID J. VENTURELLA, *Acting Director of Immigration and Customs Enforcement*; MARKWAYNE MULLIN, *Secretary of the U.S. Department of Homeland Security*; and TODD BLANCHE, *Attorney General of the United States*,

Respondents.

Case No. 26-cv-04771 (LMP/DJF)

**ORDER GRANTING HABEAS PETITION**

---

Gurpreet Kaur, **Kaur Legal Group PC, Ventura, CA**; and Nico Ratkowski, **Ratkowski Law PLLC, St. Paul, MN**, for Petitioner.

Carl Berry, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[1]

Petitioner Ashish R.[2] brings a petition for a writ of habeas corpus challenging the legality of his arrest and detention. For the following reasons, the petition is granted, and the Court orders the Government to release Ashish from custody.

---

[1] When used in this Order, "Respondents" or "Government" refer to the federal officials and entities named as Respondents. Respondent Dave Isais, the Sherburne County Jail Commander, has not participated in these proceedings.

[2] The Court uses Petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initial of any nongovernmental parties in immigration cases. No disrespect is intended in doing so.

## BACKGROUND

Ashish is a native and citizen of India who entered the United States on October 31, 2022. ECF No. 8-1 at 2. At that time, immigration officials detained Ashish, placed him in removal proceedings, and released him on an order of recognizance ("OREC"). *Id.*; *see* ECF No. 8-3. The OREC specifies that the Department of Homeland Security ("DHS") "may revoke [Ashish's] release without further notice" if Ashish violates any of the conditions of release. ECF No. 8-3. One of those conditions is that Ashish "must not violate any local, State, or Federal laws or ordinances." *Id.* Following his release, Ashish received work authorization and engaged in lawful employment. ECF No. 1 ¶ 32.

On September 17, 2026, the Bismarck Police Department arrested Ashish for simple assault and placed him in custody. ECF No. 8-1 at 2. United States Immigration and Customs Enforcement ("ICE") learned that Ashish is an Indian citizen in ongoing removal proceedings. *Id.* ICE spoke with Ashish on the phone, and Ashish admitted his Indian citizenship. *Id.* On September 18, 2026, ICE detained Ashish. *Id.* The next day, ICE issued an I-200 arrest warrant.[3] ECF No. 8 ¶ 10; ECF No. 8-5 at 1. Ashish is now detained at the Sherburne County Jail in Elk River, Minnesota. ECF No. 1 at ¶ 41.

---

[3] When ICE issued the I-200 is unclear from the record. Deportation Officer Dustin J. Plummer's declaration states that ICE issued the warrant on September 19, 2026, ECF No. 8 ¶ 10, which is consistent with the date listed on the warrant itself, *see* ECF No. 8-5 at 1. The I-213 administrative record, however, states that ICE issued a warrant on September 17, 2026. *See* ECF No. 8-1 at 2. That would be consistent with ICE both lodging an immigration detainer with Form I-247 and a warrant for arrest with a Form I-200. *See* 8 C.F.R. §§ 236.1(a), 287.7(a); *see also Richard Alexander C. C. v. Easterwood*, No. 26-cv-2137 (LMP/ECW), slip op. at 5–6 (D. Minn. May 4, 2026) (describing ICE policy to issue immigration detainers accompanied by arrest warrants).

Ashish filed this habeas petition on November 10, 2026, challenging the legality of his arrest and detention. ECF No. 1. Ashish claims that the Government failed to comply with regulations governing the revocation of release on an OREC. *Id.* ¶¶ 113–28. Ashish also asserts that his continued detention violates his procedural due process rights. *Id.* ¶¶ 129–50. The Court ordered the Government to respond to Ashish's petition by November 17, 2026. ECF No. 3. The Government and Ashish provided timely briefing. *See* ECF Nos. 7–9.

## ANALYSIS

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)). The protections of habeas corpus extend to those in immigration detention. *See INS v. St. Cyr*, 533 U.S. 289, 305–06 (2001).

The Court need only address Ashish's first claim to resolve his petition. Ashish alleges that his arrest and detention violate DHS regulations, which provide that when a noncitizen, "having been arrested and taken into custody" is released, that release may be revoked "in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge." 8 C.F.R. § 236.1(c)(9); *see also* ECF No. 1 ¶¶ 123–24, 127.

The Government's ability to revoke a noncitizen's OREC and detain him is subject to two conditions: (1) that discretion must be exercised to revoke the OREC, and (2) that such discretion must be exercised by one of the officials listed in 8 C.F.R. § 236.1(c)(9). *Yandri Joselito F. E. v. Blanche*, No. 26-cv-3835 (LMP/DTS), 2026 WL 2676764, at *2 (D. Minn. Sept. 11, 2026); *see also Bryan A. Q. C. v. Lyons*, No. 26-cv-3165 (JRT/EMB), 2026 WL 1998719, at *2 (D. Minn. July 10, 2026); *Sandhu v. Mullin*, No. 7:26-cv-5009 (SMB/MDN), 2026 WL 1146643, at *4 (D. Neb. Apr. 28, 2026).

Respondents satisfied neither condition here. Ashish's OREC itself shows that it has not been revoked. ECF No. 8-3. The I-220A Form provides space for the "Signature of Immigration Officer Cancelling Order" and lists two options for the reason for revocation: "The [noncitizen] failed to comply with the conditions of release" or "The [noncitizen] was taken into custody for removal." *Id.* Neither box is checked on Ashish's form, and no immigration officer provided a signature. *Id.* The fact that the "Cancellation of Order" section is blank suggests that "no officer, let alone a listed officer, revoked" Ashish's OREC. *Yandri Joselito F. E.*, 2026 WL 2676764, at *2 (quoting *Sandhu*, 2026 WL 1146643, at *4); *see also id.* (collecting cases).

The Government asserts that Ashish's alleged violation of his release conditions terminated his OREC and points to language in the OREC itself that Ashish can be returned to custody "without further notice." ECF No. 7 at 4–5. The Government reasons that because Ashish violated his release conditions, DHS can revoke the OREC and detain Ashish again. *Id.* But revocation is not automatic. The OREC contemplates revocation as a possible outcome after a violation, not a certain consequence. *See* ECF No. 8-3

(specifying that "the Department of Homeland Security *may* revoke [Ashish's] release without further notice" if Ashish violates a law (emphasis added)). This permissive language aligns with DHS regulations, which specify that "release *may* be revoked at any time in the *discretion*" of certain enumerated individuals. 8 C.F.R. § 236.1(c)(9) (emphasis added). The Government may have had the authority to terminate Ashish's OREC, but that does not mean that the right government official actually did so.

The Government also contends that Ashish is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 7 at 5–6. That's beside the point. The Court has previously held that the Government must adhere to the regulatory-proscribed process even when a noncitizen is subject to mandatory detention. *See Yandri Joselito F. E.*, 2026 WL 2676764, at *1 n.3, *2.

Without evidence that the Government revoked Ashish's OREC pursuant to the process outlined in Section 236.1(c)(9), the OREC remains valid. *Id.* at *3. This conclusion compels Ashish's release. *Id.*

## CONCLUSION

For these reasons, and based on the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. Petitioner Ashish R.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is GRANTED;

2. The Government is **ORDERED** to release Ashish R. from custody on his preexisting OREC by no later than 5:00 p.m. on Tuesday, November 24, 2026;

3. The Government is **ORDERED** to file a status report certifying its compliance with this Order by no later than 5:00 p.m. on Wednesday, November 25, 2026; and

4. If the Government seeks to retain Ashish R.'s property, the Government's status report must include: (a) the property retained; and (b) the legal basis on which the property is retained.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 23, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge